1    Perry R. Clark California Bar No. 197101
     KIRKLAND & ELLIS LLP
2    555 California Street
     San Francisco, CA  94104
3    Telephone:  (415) 439-1400
     Facsimile:   (415) 439-1500
4    pclark@kirkland.com

5    Peter J. Armenio (admitted *Pro Hac Vice)*
     John C. Spaccarotella (admitted *Pro Hac Vice)*
6    KIRKLAND & ELLIS LLP
     153 East 53rd Street
7    New York, NY  10022
     Telephone:  (212) 446-4800
8    Facsimile:   (212) 446-4900
9    parmenio@kirkland.com
     jspaccarotella@kirkland.com

10

11   Attorneys For Defendants
     AMERICAN EXPRESS COMPANY
12   and AMERICAN EXPRESS TRAVEL
     RELATED SERVICES COMPANY, INC.

13

14

15             **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17               **SAN FRANCISCO DIVISION**

18

19   PRIVASYS, INC.,                CIVIL ACTION NO. 08 CV 1072 SI

20                                 **DEFENDANTS' ANSWER,**
               Plaintiff,         **COUNTERCLAIMS AND**
21                                 **DEMAND FOR JURY TRIAL**
             v.
22

23   AMERICAN EXPRESS COMPANY
     and AMERICAN EXPRESS TRAVEL
     RELATED SERVICES COMPANY, INC.,
24

                    Defendants.
25

26

27

28

1    Defendants American Express Company and American Express Travel Related Services

2    Company, Inc. (collectively "American Express") hereby answer and counterclaim to PrivaSys,

3    Inc.'s ("PrivaSys's") Original Complaint And Demand For Jury Trial ("Complaint") as follows.

**PARTIES**

4    1.    On information and belief, American Express admits the allegations in the first

6    sentence of Complaint Paragraph 1.  American Express lacks knowledge or information sufficient to

7    form a belief as to the truth of the allegations in the second sentence of Complaint Paragraph 1 and

8    therefore denies them on that basis.

9    2.    American Express Company admits that it is a corporation organized under the laws

10   of the State of New York and has a principal place of business at 200 Vesey Street,  New York, New

11   York  10285.  Except as specifically admitted, American Express Company denies the allegations in

12   Complaint Paragraph 2.

13   3.    American Express Travel Related Services Company, Inc. admits that it is a

14   corporation organized under the laws of the State of New York and has a principal place of business

15   at 200 Vesey Street,  New York, New York  10285.  Except as specifically admitted, American

16   Express Travel Related Services Company, Inc. denies the allegations in Complaint Paragraph 3.

**JURISDICTION AND VENUE**

18   4.    American Express admits that PrivaSys purports to assert a cause of action for patent

19   infringement under the Patent Act, 35 U.S.C.  American Express further admits that this Court has

20   subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).  American Express

21   further admits that venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).  Except

22   as specifically admitted, American Express denies the allegations in Complaint Paragraph 4 and

23   further denies that there is any factual or legal basis for PrivaSys's claim.

24   5.    American Express denies that it provides infringing products and/or services in the

25   Northern District of California, or anywhere else within the United States.  American Express admits

26   that it has engaged in non-infringing activities in this judicial district and further consents to personal

27   jurisdiction in this judicial district for purposes of this action.  Except as specifically admitted,

28   American Express denies the allegations in Complaint Paragraph 5.

DEFENDANTS' ANSWER, COUNTERCLAIMS          -2-               Civil Action No. 08 CV 1072 SI
AND DEMAND FOR JURY TRIAL

**INTRADISTRICT ASSIGNMENT**

6.      American Express admits that this is an Intellectual Property Action.  Except as specifically admitted, American Express denies the allegations in Complaint Paragraph 6.

**BACKGROUND**

7.      American Express denies the allegations in the first sentence of Complaint Paragraph 7.  American Express admits that some of its payment cards may have an account number, cardholder information and a security code printed on it and an encoded magnetic stripe on the back of it.  American Express admits that devices such as key-fobs, as the term is understood, have been used to conduct payment transactions.  American Express further admits that PrivaSys purports to use the term "card" in the Complaint to include fobs and the term "device" to include credit, charge, and debit cards with an encoded magnetic stripe.  Except as specifically admitted, American Express denies the allegations in Complaint Paragraph 7.

8.      American Express admits that some merchants have magnetic card readers that read encoded data from a payment card, and that the data can be transmitted to an issuing financial institution.  American Express admits that some payment cards have an encoded magnetic stripe with Track 1 data, as that term is understood, and may contain the customer's name, account number, expiration date, and discretionary data.  American Express further admits that some payment cards have an encoded magnetic stripe with Track 2 data, as that term is understood, and may contain an account number, expiration date, and discretionary data.  Except as specifically admitted, American Express lacks knowledge or information sufficient to foFrm a belief as to the allegations in Complaint Paragraph 8 and therefore denies them on that basis.

9.      American Express lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 9 and therefore denies them on that basis.

10.     American Express admits that American Express offers a contactless payment card that contains a radio frequency antenna and embedded microchip that can communicate with a contactless reader when placed in proximity to the reader.  Except as specifically admitted, American Express lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 10 and therefore denies them on that basis.

1      11.      American Express admits that the term "smart card," as that term is understood, may

2  be a payment card with an embedded microchip.  On information and belief, MasterCard and Visa

3  are involved in a joint venture relating to smart cards known as EMVCo.  Except as specifically

4  admitted, American Express lacks knowledge or information sufficient to form a belief as to the

5  allegations in Complaint Paragraph 11 and therefore denies them on that basis.

6      12.      American Express lacks knowledge or information sufficient to form a belief as to the

7  allegations in Complaint Paragraph 12 and therefore denies them on that basis.

8      13.      American Express lacks knowledge or information sufficient to form a belief as to the

9  allegations in Complaint Paragraph 13 and therefore denies them on that basis.

10     14.      American Express lacks knowledge or information sufficient to form a belief as to the

11  allegations in Complaint Paragraph 14 and therefore denies them on that basis.

12                          **PrivaSys Alleged Solution to Payment Card Fraud**

13     15.      American Express denies the allegations in the third and fourth sentences of

14  Complaint Paragraph 15.  American Express lacks knowledge or information sufficient to form a

15  belief as to the remaining allegations in Complaint Paragraph 15 and therefore denies them on that

16  basis.

17     16.      American Express lacks knowledge or information sufficient to form a belief as to the

18  allegations in Complaint Paragraph 16 and therefore denies them on that basis.

19     17.      American Express lacks knowledge or information sufficient to form a belief as to the

20  allegations in Complaint Paragraph 17 and therefore denies them on that basis.

21     18.      American Express lacks knowledge or information sufficient to form a belief as to the

22  allegations in Complaint Paragraph 18 and therefore denies them on that basis.

23     19.      American Express lacks knowledge or information sufficient to form a belief as to the

24  allegations in Complaint Paragraph 19 and therefore denies them on that basis.

25                                    **The PrivaSys Patent**

26     20.      American Express admits that a copy of U.S. Patent No. 7,195,154 ("the '154

27  patent") was attached as Exhibit A to the Complaint, and that, on its face, the '154 patent indicates

28  that it issued on March 27, 2007 to inventor Larry Routhenstein.  Except as specifically admitted,

1    American Express lacks knowledge or information sufficient to form a belief as to the allegations in

2    Complaint Paragraph 20 and therefore denies them on that basis.

3        21.    American Express admits that the '154 patent lists 35 claims, and has the title

4    "Method For Generating Customer Secure Card Numbers."  Except as specifically admitted,

5    American Express denies the allegations in Complaint Paragraph 21.

6        22.    American Express admits that it has not taken a license to the '154 patent.  Except as

7    specifically admitted, American Express lacks knowledge or information sufficient to form a belief

8    as to the allegations in Complaint Paragraph 22 and therefore denies them on that basis.

9                    **American Express's Allegedly Infringing Services**

10       23.    American Express denies that the '154 patent was "known" before it issued on March

11   27, 2007 and denies prior awareness of the application from which it issued.  American Express

12   admits that it became aware of the '154 patent during licensing discussions with counsel for

13   PrivaSys.  Except as specifically admitted, American Express denies the allegations in Complaint

14   Paragraph 23.

15       24.    American Express admits that it operates a payment card network and that it issues

16   payment cards.  American Express further admits that American Express-branded cards are issued

17   by American Express and third-party banks or other institutions, and that American Express-branded

18   cards are accepted on the American Express network and can be used to purchase goods and

19   services.  In 2006, American Express's network processed more than $560 billion in transactions,

20   and American Express-branded cards approximated 78 million total cards-in-force.  Except as

21   specifically admitted, American Express denies the allegations in Complaint Paragraph 24.

22       25.    American Express admits that American Express has issued payment cards with a

23   contactless technology marketed as ExpressPay.  American Express admits that PrivaSys purports to

24   reference American Express cards and devices and ExpressPay cards and devices to include all

25   contactless cards and devices issued by American Express and all cards and devices issued by third-

26   party banks or other institutions that bear the logos American Express, ExpressPay or other logos

27   associated with American Express.  American Express payment cards with ExpressPay contain a

28   radio frequency antenna and embedded microchip that enable the card to communicate with a

1    contactless reader when held in close proximity to the reader.  Except as specifically admitted,

2    American Express denies the allegations in Complaint Paragraph 25.

3         26.    American Express admits that it has used a variety of contactless payment protocols

4    since 1999 or earlier.  American Express admits that at least one of American Express's contactless

5    payment protocols includes an encrypted transaction-specific value that may be communicated to a

6    contactless reader.  American Express is able to verify each transaction.  Except as specifically

7    admitted, American Express denies the allegations in Complaint Paragraph 26.

8         27.    American Express denies the allegations in Complaint Paragraph 27.

9         28.    American Express denies the allegations in Complaint Paragraph 28.

10                                          **COUNT I**

11        29.    American Express denies the allegations in Complaint Paragraph 29.

12        30.    American Express denies the allegations in Complaint Paragraph 30.

13        31.    American Express denies the allegations in Complaint Paragraph 31.

14        32.    American Express denies the allegations in Complaint Paragraph 32.

15        33.    American Express denies the allegations in Complaint Paragraph 33.

16        34.    American Express denies the allegations in Complaint Paragraph 34.

17                          **ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF**

18        35.    American Express denies that PrivaSys is entitled to any relief whatsoever from

19    American Express or this Court, either as requested in the Complaint or otherwise.

20                                      **GENERAL DENIAL**

21        36.    American Express further denies each and every allegation contained in the

22    Complaint to which American Express has not specifically responded.

23                                   **AFFIRMATIVE DEFENSES**

24        37.    American Express alleges and asserts the following defenses in response to the

25    allegations in PrivaSys's Complaint, undertaking the burden of proof only as to those defenses

26    deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In

27    addition to the affirmative defenses set forth below, American Express specifically reserves all rights

28    to allege additional affirmative defenses that become known through the course of discovery.

DEFENDANTS' ANSWER, COUNTERCLAIMS          -6-                    Civil Action No. 08 CV 1072 SI
AND DEMAND FOR JURY TRIAL

**First Affirmative Defense**

38.    The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

39.    American Express has not directly or indirectly infringed, and is not directly or indirectly infringing, any valid and enforceable claim of U.S. Patent No. 7,195,154 ("the '154 patent"), either literally or under the doctrine of equivalents.

**Third Affirmative Defense**

40.    The claims of the '154 patent are invalid for failure to meet the conditions of patentability set forth in part II of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 132.

**Fourth Affirmative Defense**

41.    The claims of the '154 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 112.

**Fifth Affirmative Defense**

42.    American Express has not willfully infringed and is not willfully infringing any valid, enforceable claim of the '154 patent.

**Sixth Affirmative Defense**

43.    PrivaSys is estopped, based on statements, representations and admissions made during prosecution of the application that led to the '154 patent, from asserting any interpretation of the claims of the '154 patent that would be broad enough to cover any of American Express's products or methods alleged to infringe the '154 patent, either literally or under the doctrine of equivalents.

**Seventh Affirmative Defense**

44.    Upon information and belief, the '154 patent is unenforceable due to inequitable conduct by PrivaSys and persons associated with PrivaSys.

45.    On September 21, 2001, PrivaSys filed U.S. patent application number 09/960,715 ("the '715 application"), titled "Method For Generating Customer Secure Card Numbers," which subsequently issued as the '154 patent.  Mr. Larry Routhenstein is the sole named inventor on the

1   '154 patent.

2       46.     On September 21, 2001, PrivaSys also filed U.S. patent application number

3   09/960,714 ("the '714 application"), titled "Method For Generating Customer Secure Card Numbers

4   Subject To Use Restrictions By An Electronic Card," which subsequently issued as U.S. Patent No.

5   6,805,288 ("the '288 patent").  Messrs. Larry Routhenstein, Roy Anderson, William Bryant, and

6   Jacob Wong are the named inventors on the '288 patent.

7       47.     The subject matter of the '154 and '288 patents are substantially the same, and both

8   patents contain substantially similar specifications.  In the "Cross Reference To Related

9   Applications" sections of the '154 and '288 patents, both patents expressly state that the patent

10  applications are related to each other.  During the prosecution of the '715 application, the Patent

11  Office repeatedly rejected certain of the pending claims of the '715 application for double patenting

12  in view on the copending '714 application.  To overcome these double-patenting rejections,

13  Applicants filed a terminal disclaimer relinquishing any term of the '715 application, which issued

14  as the '154 patent, that would extend beyond the expiration date of the '288 patent (which issued

15  from the '714 application).

16      48.     The '288 patent has two independent method claims generally directed to providing a

17  secure transaction by generating a Secure Card Number.  The '154 patent has five independent

18  method claims, each generally directed to providing a secure transaction by generating a Secure

19  Card Number.  During the prosecution of the '715 application, Applicant amended the '715

20  application to include claims that were canceled in the copending '714 application.

21      49.     Upon information and belief, during the pendency of the '715 application, PrivaSys

22  was litigating claims related to the subject matter of the '288 patent and intentionally withheld this

23  material information from the United States Patent And Trademark Office ("the Patent Office").  In

24  MasterCard International, Inc. v. PrivaSys, Inc., Case No. 05-8511 CLB (S.D.N.Y. filed Oct. 3,

25  2005), PrivaSys alleged, among other things, that MasterCard misappropriated PrivaSys's

26  technology described in the '288 patent.  PrivaSys further alleged that MasterCard incorporated the

27  technology from PrivaSys's '288 patent into MasterCard's U.S. Patent No. 6,657,566 ("the '566

28  patent"), thereby raising questions regarding inventorship of the subject matter.  The MasterCard v.

DEFENDANTS' ANSWER, COUNTERCLAIMS          -8-                    Civil Action No. 08 CV 1072 SI
AND DEMAND FOR JURY TRIAL

1  PrivaSys action was dismissed on August 31, 2006.

2      50.      The '715 application was filed on September 21, 2001 and issued as the '154 patent

3  on March 27, 2007 and was pending before the Patent Office for the entirety of the MasterCard v.

4  PrivaSys action.

5      51.      Under 37 C.F.R. § 1.56, each individual associated with the filing and prosecution of

6  a patent application has a duty of candor and good faith in dealing with the Patent Office, which

7  includes a duty to disclose to the Patent Office all information known to that individual to be

8  material to patentability.

9      52.      Section 2001.06(c) of the Manual of Patent Examining Procedure requires that where

10 the subject matter for which a patent is being sought is or has been involved in litigation, the

11 existence of such litigation and any other material information arising from the action must be

12 brought to the attention of the Patent Office.

13     53.      Upon information and belief, each individual associated with the prosecution of the

14 '154 patent — in particular, at least inventor Larry Routhenstein and attorneys Roy Anderson and

15 Paul Hickman — had a duty of candor to the Patent Office, was aware of the MasterCard v. PrivaSys

16 litigation and failed to disclose it to the Patent Office with the intent to deceive the examiner into

17 allowing the '154 patent to issue.

18                          **Eighth Affirmative Defense**

19     54.      Upon information and belief, PrivaSys is barred by the doctrine of prosecution laches

20 from enforcing the claims of the '154 patent against American Express.  In particular, the named

21 inventor and attorneys involved in the filing and prosecution of the '154 patent systematically

22 delayed the prosecution of Claim 27 and claims that depend from it.

23     55.      On September 21, 2001, PrivaSys filed U.S. patent application number 09/960,715

24 ("the '715 application"), titled "Method For Generating Customer Secure Card Numbers," which

25 subsequently issued as the '154 patent.  The '715 application as originally filed did not include

26 Claim 27.

27     56.      PrivaSys's filing of the '715 application on September 21, 2001 omitted the basic

28 filing fee, and oath or declaration.  On March 27, 2003, the '715 application was published without

1  Claim 27.  On November 5, 2003, the examiner indicated that Claims 7-22 were allowable.  Instead

2  of paying the issue fee, Applicant filed an amendment on March 22, 2004 adding new claims 23-26

3  that corresponded to canceled claims in the copending '714 application.  Applicant again failed to

4  sign the amendment and submit the appropriate fee, causing further delay.

5       57.     On October 21, 2005, Applicant amended the '715 application adding Claim 27, and

6  claims 28 to 35 that depend from it.   Upon information and belief, PrivaSys engaged in a deliberate

7  and systematic delay of more than four years — from September 21, 2001 to October 21, 2005 — to

8  await intervening developments in the payment card industry before filing Claim 27 and its

9  dependent claims.  The '715 application issued as the '154 patent on March 27, 2007, more than five

10  years after its filing date.

11       58.     PrivaSys alleges that the '154 patent contains 35 patent claims, including claims 27 to

12  35 that were added in October 2005, that purportedly cover a unique and novel method for

13  generating and validating a dynamic code.  PrivaSys's priority date for each claim of the '154 patent

14  is purportedly the September 21, 2001 filing date.

15       59.     Since 1999, American Express has devoted significant resources to developing and

16  expanding its contactless payment business, including from 2001 to 2005.

17       60.     Upon information and belief, those involved with the filing and prosecution of the

18  '154 patent engaged in a deliberate plan to delay prosecution and thereby lengthen the period of time

19  available to add new claims.  The unreasonable and unexplained delay in prosecuting Claim 27 and

20  its dependent claims has prejudiced American Express, and therefore the '154 patent should be

21  rendered unenforceable against American Express due to prosecution laches.

22  **Ninth Affirmative Defense**

23       61.     Upon information and belief, likely to have evidentiary support after a reasonable

24  opportunity for further investigation or discovery, the '154 patent is invalid due to improper

25  inventorship.  Upon information and belief, likely to have evidentiary support after a reasonable

26  opportunity for further investigation or discovery, at least one of Messrs. Roy Anderson, William

27  Bryant and Jacob Wong, who are the named inventors on the '288 patent, should have also been

28  named inventors of the '154 patent and were wrongly and deceptively omitted from the '154 patent.

1

**Tenth Affirmative Defense**

2      62.      PrivaSys is barred by one or more of the doctrines of laches, estoppel, waiver,

3   acquiescence, and unclean hands from enforcing the claims of the '154 patent.

4      **Eleventh Affirmative Defense**

5      63.      PrivaSys cannot satisfy the requirements applicable to its request for injunctive relief

6   because, at a minimum, any alleged injury to PrivaSys is not immediate or irreparable, PrivaSys has

7   an adequate remedy at law and PrivaSys has alleged that it has licensed the '154 patent to Visa and

8   MasterCard, confirming the impropriety of a selective injunction against American Express.

9      **COUNTERCLAIMS**

10      American Express counterclaims against PrivaSys as follows:

11      1.      American Express Company ("American Express") is a New York corporation

12   having a principal place of business at 200 Vesey Street,  New York, New York  10285.

13      2.      American Express Travel Related Services Company, Inc. is a New York corporation

14   having a principal place of business at 200 Vesey Street,  New York, New York  10285.

15      3.      Upon information and belief, PrivaSys, Inc. ("PrivaSys") is a Delaware corporation

16   having its principal place of business in Newbury Park, California.

17      4.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28

18   U.S.C. §§ 1331, 1338 and 2201.

19      5.      By filing its Complaint, PrivaSys has consented to personal jurisdiction in this Court.

20      6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400.

21      **COUNT I**

22   **DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND
    UNENFORCEABILITY OF U.S. PATENT NO. 7,195,154**

23

24      7.      American Express repeats Counterclaim Paragraphs 1-6 as if fully set forth herein.

25      8.      United States Patent No. 7,195,154 ("the '154 patent") was issued by the United

26   States Patent and Trademark Office on March 27, 2007.  PrivaSys claims to own all rights in and to

27   the '154 patent.

28      9.      PrivaSys has sued American Express for alleged infringement of the '154 patent.

1    10.     An actual controversy exists between American Express and PrivaSys regarding non-

2    infringement, invalidity and unenforceability of the '154 patent within the meaning of the

3    Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

4    11.     American Express has not directly or indirectly infringed, and is not directly or

5    indirectly infringing, any valid, enforceable claim of the '154 patent either literally or under the

6    doctrine of equivalents.

7    12.     The '154 patent is invalid for failing to satisfy the conditions of patentability set forth

8    in the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112

9    and/or 132.

10    13.     American Express repeats Affirmative Defense Paragraphs 44 through 53 as if fully

11    set forth herein.

12    14.     The '154 patent is unenforceable due to inequitable conduct by PrivaSys and persons

13    associated with PrivaSys.

14    15.     American Express repeats Affirmative Defense Paragraphs 54 through 60 as if fully

15    set forth herein.

16    16.     The '154 patent is unenforceable due to prosecution laches by PrivaSys and persons

17    associated with PrivaSys.

18    17.     American Express is entitled to a judicial declaration that the '154 patent is not

19    infringed by American Express, is invalid and is unenforceable.

20    18.     This is an exceptional case under 35 U.S.C. § 285 and American Express is therefore

21    entitled to reimbursement of its costs and reasonable attorneys' fees in connection with this action.

22    WHEREFORE, American Express respectfully requests judgment against PrivaSys as

23    follows:

24    A.     That PrivaSys take nothing by its Complaint in this action;

25    B.     That the Court enter judgment against PrivaSys and in favor of American Express,

26    and that the Complaint in this action be dismissed in its entirety with prejudice;

27    C.     That the Court enter a declaratory judgment that American Express does not infringe

28

DEFENDANTS' ANSWER, COUNTERCLAIMS          -12-                    Civil Action No. 08 CV 1072 SI
AND DEMAND FOR JURY TRIAL

1    and has not infringed the '154 patent;

2        D.    That the Court enter a declaratory judgment that PrivaSys's '154 patent is invalid;

3        E.    That the Court enter a declaratory judgment that PrivaSys's '154 patent is

4    unenforceable;

5        F.    That the Court deem this an exceptional case under 35 U.S.C. § 285 and award

6    American Express its costs and reasonable attorneys' fees; and

7        G.    That the Court award American Express any other or further relief that the Court

8    deems just and proper.

9                        **DEMAND FOR JURY TRIAL**

10       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, American Express hereby

11   demands a trial by jury in this action on all the issues so triable.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED: June 18, 2008                              Respectfully submitted by,

2

3

4                                                     By: /s/ Perry Clark_____
                                                           Perry R. Clark
5

6                                                     Perry r. R. Clark
                                                      KIRKLAND & ELLIS LLP
7                                                     555 California Street
                                                      San Francisco, CA  94104
8                                                     Telephone:  (415) 439-1400
                                                      Facsimile:   (415) 439-1500
9                                                     pclark@kirkland.com

10
                                                      Peter J. Armenio
11                                                    John C. Spaccarotella
                                                      Admitted *Pro Hac Vice*
12                                                    KIRKLAND & ELLIS LLP
                                                      153 East 53rd Street
13                                                    New York, NY  10022
                                                      Telephone:  (212) 446-4800
14                                                    Facsimile:   (212) 446-4900
                                                      parmenio@kirkland.com
15                                                    jspaccarotella@kirkland.com

16

17
                                                      Attorneys for Defendants
18                                                    AMERICAN EXPRESS COMPANY and
                                                      AMERICAN EXPRESS TRAVEL
19                                                    RELATED SERVICES COMPANY, INC.

20

21

22

23

24

25

26

27

28