| | |
|---|---|
| SPENCER HOSIE (CA Bar No. 101777) | PERRY R. CLARK |
| shosie@hosielaw.com | pclark@kirkland.com |
| BRUCE WECKER (CA Bar No. 078530) | KIRKLAND & ELLIS LLP |
| bwecker@hosielaw.com | 555 California Street |
| GEORGE F. BISHOP (CA Bar No. 89205) | San Francisco, CA 94104 |
| gbishop@hosielaw.com | Telephone: (415) 439-1400 |
| HOSIE RICE LLP | Facsimile: (415) 439-1500 |
| One Market, 22nd Floor | |
| San Francisco, CA 94105 | PETER J. ARMENIO |
| (415) 247-6000 Tel. | Admitted *Pro Hac Vice* |
| (415) 247-6001 Fax | parmenio@kirkland.com |
| | JOHN C. SPACCAROTELLA |
| ROBERT J. YORIO (CA Bar No. 93178) | Admitted *Pro Hac Vice* |
| yorio@carrferrell.com | jspaccarotella@kirkland.com |
| CARR & FERRELL LLP | KIRKLAND & ELLIS LLP |
| 2200 Geng Road | 153 East 53rd Street |
| Palo Alto, CA 94303 | New York, NY 10022 |
| (650) 812-3400 Tel. | Telephone: (212) 446-4800 |
| (650) 812-3444 Fax | Facsimile: (212) 446-4900 |

*Attorneys for Plaintiff*
*PRIVASYS, INC.*

*Attorneys for Defendants*
*AMERICAN EXPRESS COMPANY and*
*AMERICAN EXPRESS TRAVEL*
*RELATED SERVICES COMPANY, INC*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)**

| | |
|---|---|
| PRIVASYS, INC., | Case No. C-08-01072 SI |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| v. | |
| AMERCIAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., | |
| Defendants | |

Plaintiff PrivaSys, Inc. ("PrivaSys") and defendants American Express Company and American Express Travel Related Services Company, Inc. (collectively "American Express")

hereby respectfully submit this Joint Case Management Statement in connection with the case management conference in this matter scheduled for July 11, 2008.

**1.    JURISDICTION AND SERVICE**

The parties agree that the Court has subject matter jurisdiction over this action. All current parties have been served. There are no issues regarding personal jurisdiction or venue.

**2.    STATEMENT OF FACTS**

**A.    A BRIEF DESCRIPTION OF THE FACTS**

This is a patent infringement case. Plaintiff PrivaSys, in its complaint, alleges infringement of United States Patent Number 7,195,154. American Express has filed an answer denying PrivaSys' allegations and a counterclaim for declaratory judgment of non-infringement, invalidity and unenforceability.

PrivaSys in its complaint alleges that American Express has infringed and is presently infringing the patent-in-suit through its contactless credit and debit payment cards and electronic devices, including American Express ExpressPay cards. The complaint alleges both that American Express directly infringes and that it has induced others to make, use or sell the system.

American Express alleges that the patent-in-suit is invalid, that it is not infringed by American Express either directly or indirectly, and that it is unenforceable due to inequitable conduct.

**B.    THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE**

a.    Whether any defendant has infringed, and continues to infringe, the patent-in-suit, directly or by inducement;

b.    Whether any such alleged infringement is willful;

c.    Whether the patent-in-suit is invalid;

d.    Whether the patent is unenforceable for inequitable conduct;

e.      The amount of PrivaSys' damages for any infringement of any valid and enforceable claim;

f.      Whether PrivaSys is barred from recovering any past damages based on prosecution laches;

**3.    LEGAL ISSUES**

The disputed points of law are anticipated to be:

a.      The proper construction of the claims of the patent-in-suit;

b.      Whether there has been any infringement of the claims of the patent-in-suit as construed by the Court;

c.      Whether the asserted claims are invalid or unenforceable for failure to comply with one or more of 35 U.S.C. §101, §102, §103, §112 or the rules and regulations of the U.S. Patent Office;

d.      Whether any party is entitled to attorneys' fees and costs pursuant to 35 U.S.C. §285;

e.      Whether PrivaSys is entitled to treble damages pursuant to 35 U.S.C. §284; and

f.      Whether PrivaSys is entitled to a permanent injunction pursuant to 35 U.S.C. § 283.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

**4.    MOTIONS**

The parties anticipate claim construction briefing under the Patent Local Rules and, depending on the Court's constructions, various summary judgment motions.

**5.    EVIDENCE PRESERVATION**

In previous litigation involving the same technology, PrivaSys imposed a litigation hold on documents related to this action, collected those documents and produced them to

the other party. Copies of those documents are maintained in the office of counsel. In addition, other relevant parties, including PrivaSys' patent prosecution counsel, have been directed to preserve their files.

American Express has imposed a litigation hold on documents and electronically stored information reasonably related to this action, which includes active steps to prevent erasure of e-mails and other electronically-recorded material.

**6.     DISCLOSURES**

The parties will exchange their initial disclosures before close of business on July 3, 2008.

**7.     DISCOVERY:**

At this time, the parties propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules as follows:

(a) Plaintiff PrivaSys may notice and take no more than ten (10) depositions lasting a total of no more than seventy (70) hours;

(b) Defendant American Express may notice and take no more than ten (10) depositions lasting a total of no more than seventy (70) hours;

(c) Plaintiff PrivaSys may propound no more than twenty-five (25) interrogatories;

(d) Defendant American Express may propound no more than twenty-five (25) interrogatories;

(e) A testifying expert shall not be subject to discovery on any draft of any report in this case that was written by the testifying expert or his or her staff. Communications with experts are subject to discovery.

The Proposed Docket Control Deadlines, below, in Section 19(D) contains a proposed schedule for discovery.

**8.     CLASS ACTIONS**

Not applicable.

**9.    RELATED CASES**

No related cases are pending before other Judges of this Court.

**10.    RELIEF**

*Plaintiffs' Request*:  PrivaSys seeks damages, injunctive relief, a declaration that the patent-in-suit is enforceable and that American Express has willfully infringed, enhanced damages under 35 U.S.C. §284, and costs and attorney's fees including those awardable under 35 U.S.C. §285.  PrivaSys expects that its damage computations will be based upon an adequate compensation for the infringement of U.S. Patent No. 7,195,154, including damages and a reasonable royalty on the manufacturing, distribution, and sales of infringing products (hardware and software) including ExpressPay payment devices and services (as well as infringing uses of those products and services) including processing of ExpressPay transactions, enhanced damages for willful infringement, and attorneys' fees and costs associated with conducting this suit.  PrivaSys expects that the reasonable royalty will also include a royalty on the convoyed sales generated by the infringing products and services, such as ExpressPay payment devices and processing of ExpressPay transactions, offered or performed by American Express and member banks.

*Defendants' Request*:  Defendants seek a denial of all of PrivaSys' requested relief.  Defendants further seek a declaration that Defendants have not infringed any valid claim of the '154 patent, that the '154 patent is invalid, and that the '154 patent is unenforceable.  Defendants further seek costs and attorneys' fees arising from PrivaSys' claims of infringement pursuant to 35 U.S.C. § 285.  These costs and fees will be ascertainable following judgment in this case.  Defendants lastly seek an injunction barring PrivaSys from asserting this patent against American Express or any other entity involved in American Express contactless payments.

**11.   SETTLEMENT AND ADR**

The parties have held settlement discussions, both prior to and following the filing of the complaint.

The parties believe that referral to mediation may be productive as the litigation progresses and would suggest the use of a JAMS mediator (to be selected by the parties).

**12.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties declined the appointment of a Magistrate Judge for all purposes.

**13.   OTHER REFERENCES**

Not applicable.

**14.   NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules. The parties believe that they may be able to narrow the issues for trial after the Court issues its claim construction rulings.

**15.   EXPEDITED SCHEDULE**

The parties do not presently believe that this is the type of case that can be handled on an expedited schedule.

**16.   SCHEDULING**

The Proposed Docket Control Deadlines, Section 19(D) below, proposes a schedule through a case management conference after claims construction.

**17.   TRIAL**

The trial will be a jury trial, and the parties preliminarily anticipate that the trial will be 5-10 court days.

**18.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

PrivaSys filed its Certification of Interested Entities or Persons on February 26, 2008.

American Express filed its Certification of Interested Entities or Persons on June 18, 2008.

**19.  OTHER MATTERS**

    **A.  PROTECTIVE ORDER**

The parties are discussing a stipulated protective order.

    **B.  CLAIM CONSTRUCTION HEARING**

The Patent Local Rules require the parties to meet and confer about the manner in which the claim construction hearing will proceed. The parties have discussed the matters specified in the Patent Local Rules and believe that a determination of the manner in which the hearing will proceed, other than the proposed scheduling as set forth below, is premature.

    **C.  JURY DEMAND**

PrivaSys and American Express both demand a trial by jury.

    **D.  PROPOSED DOCKET CONTROL DEADLINES**

The parties have agreed to follow the Northern District's Patent Local Rules in their general outline, with departures to accommodate the nature of this action and to reduce the need for hearings before this Court.

The parties have reached agreement on the discovery and pretrial schedule as follows. The parties' suggested schedule is:

| PARTY | DEADLINE DESCRIPTION | DATE |
|---|---|---|
| All | Joint Case Management Statement and Proposed Order | July 3, 2008 |
| All | FRCP 26, Initial Disclosures | July 3, 2008 |
| PrivaSys | Preliminary Infringement Contentions on '154 patent | July 21, 2008 |
| PrivaSys | Production of Documents supporting Preliminary Infringement Contentions | July 21, 2008 |
| American Express | Preliminary Invalidity Contentions (on '154 patent) | September 4, 2008 |
| American Express | Production of Documents supporting Preliminary Invalidity Contentions | September 4, 2008 |
| All | Exchange of Disputed Terms and Claim Elements for Construction | September 15, 2008 |
| All | Exchange of Preliminary Claim Constructions | October 6, 2008 |
| All | Exchange Extrinsic Evidence and Witness Summaries | October 6, 2008 |
| All | Joint Claim Construction and Pre-hearing Statement | November 3, 2008 |
| All | Deadline to Complete Claim Construction Discovery | December 18, 2008 |
| PrivaSys | Opening Markman Brief | January 16, 2009 |
| American Express | Responsive Markman Brief | February 13, 2009 |
| PrivaSys | Reply Brief | February 27, 2009 |
| All | Claim Construction Hearing (Subject to the Court's Convenience) | March 20, 2009 |
| All | Status Conference with the Court re scheduling further proceedings | At Court's earliest convenience after the Markman Order |

Plaintiff and Defendants specifically reserve their right to request that the schedule be amended due to changes occurring in the course of the case, such as amendments to the pleadings, additions of parties, or other good cause, in accordance with Fed. R. Civ. P. 16(b).

Dated: July 3, 2008

Respectfully submitted,

| | |
|---|---|
| _/s/ Spencer Hosie_ | _/s/ Perry Clark_ |
| SPENCER HOSIE (CA Bar No. 101777) | PERRY R. CLARK |
| shosie@hosielaw.com | pclark@kirkland.com |
| BRUCE WECKER (CA Bar No. 078530) | KIRKLAND & ELLIS LLP |
| bwecker@hosielaw.com | 555 California Street |
| GEORGE F. BISHOP (CA Bar No. 89205) | San Francisco, CA 94104 |
| gbishop@hosielaw.com | Telephone: (415) 439-1400 |
| HOSIE RICE LLP | Facsimile: (415) 439-1500 |
| One Market, 22nd Floor | |
| San Francisco, CA 94105 | PETER J. ARMENIO |
| (415) 247-6000 Tel. | Admitted *Pro Hac Vice* |
| (415) 247-6001 Fax | parmenio@kirkland.com |
| | JOHN C. SPACCAROTELLA |
| ROBERT J. YORIO (CA Bar No. 93178) | Admitted *Pro Hac Vice* |
| yorio@carrferrell.com | jspaccarotella@kirkland.com |
| CARR & FERRELL LLP | KIRKLAND & ELLIS LLP |
| 2200 Geng Road | 153 East 53rd Street |
| Palo Alto, CA 94303 | New York, NY 10022 |
| (650) 812-3400 Tel. | Telephone: (212) 446-4800 |
| (650) 812-3444 Fax | Facsimile: (212) 446-4900 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| *PRIVASYS, INC.* | *AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC* |

I hereby attest that concurrence in the filing of this document has been obtained for all signatures indicated by a "conformed" signature (/s/) within this e-filed document.

Date: July 3, 2008              _/s/ Spencer Hosie_
                                Spencer Hosie
                                *Attorneys for Plaintiff, PRIVASYS, INC.*

JOINT CASE MANAGEMENT              9              CASE NO. C 08-01072 SI
STATEMENT

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order.

Dated: _____    _____
                                 THE HONORABLE SUSAN ILLSTON
                                 UNITED STATES DISTRICT JUDGE