SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

ROBERT J. YORIO (CA Bar No. 93178)
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA 94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

*Attorneys for Plaintiff-Counterdefendant*
*PRIVASYS, INC.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| PRIVASYS, INC., | Case No. C 08-1072 SI |
| Plaintiff-Counterdefendant, | **PLAINTIFF AND COUNTERDEFENDANT PRIVASYS, INC.'S REPLY TO COUNTERCLAIMS OF AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.** |
| v. | |
| AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. | |
| Defendants-Counterclaimants | **DEMAND FOR JURY TRIAL** |

Plaintiff, PrivaSys Inc. ("PrivaSys"), submits this Reply to the Counterclaims of Defendants American Express Company and American Express Travel Related Services Company, Inc. ("Counterclaims"), which Counterclaims are set forth in "Defendants' Answer, Counterclaims and Demand for Jury Trial," dated June 18, 2008.  Defendants American Express Company and American Express Travel Related Services Company, Inc. are referred to herein collectively as "American Express" or "Defendants."  PrivaSys denies the allegations embodied in the headings of Defendants' Counterclaims.  For its Reply to the numbered paragraphs of Defendants' Counterclaims, PrivaSys avers that it:

1. Admits the allegations of Paragraph 1.

2. Admits the allegations of Paragraph 2.

3. Admits that PrivaSys is a Delaware corporation.  Denies that PrivaSys has its principal place of business in Newbury Park, California and denies all remaining allegations of Paragraph 3.  PrivaSys recently moved its principal place of business to Camarillo, California.

4. Admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and on that basis denies such allegations.

5. Admits the allegations of Paragraph 5.

6. Admits the allegations of Paragraph 6.

7. Whereas American Express in this Paragraph incorporates by reference its allegations in Paragraphs 1-6, PrivaSys incorporates by reference its averments in response to the allegations in Paragraphs 1-6 set forth above.

8. Admits the allegations of Paragraph 8.

9. Admits the allegations of Paragraph 9.

10. Admits the allegations of Paragraph 10.

11. Denies the allegations of Paragraph 11.

12. Denies the allegations of Paragraph 12.

13. Whereas in Paragraph 13 of its Counterclaims American Express realleges Paragraphs 44 through 53 of its Affirmative Defenses, PrivaSys responds below to these paragraphs as follows:

44. Denies the allegations of Paragraph 44.

45. Admits the allegations of Paragraph 45.

46. Admits the allegations of Paragraph 46.

47. Admits that there is some overlap among the claims of the '154 and '288 patent, but denies that they cover substantially the same subject matter and denies that the Patent Office repeatedly rejected some claims of the '715 patent application. Admits that a terminal disclaimer was filed. Denies each and every remaining allegation of Paragraph 47.

48. Admits that the '288 patent had two independent method claims that are generally directed to providing a secure transaction and generating a Secure Card Number, and that the '154 patent has five independent method claims that are generally directed to providing a secure transaction and generating a Secure Card Number, and that the '715 application was amended. Denies each and every remaining allegation of Paragraph 48.

PRIVASYS, INC.'S REPLY TO COUNTERCLAIMS OF AMERICAN EXPRESS     2     CASE NO. C 08-01072 SI

49. Denies the allegations of Paragraph 49, except admits that MasterCard had misappropriated certain PrivaSys trade secret information and incorporated that information into the '566 patent, and admits that the referenced action was dismissed.

50. Admits the allegations of Paragraph 50.

51. Admits that the inventor and each individual associated with the filing and prosecution of the '715 application, within the meaning of 37 C.F.R. §156, was subject to the duty of candor set forth in 37 C.F.R. §156(a). Denies each and every remaining allegation of Paragraph 51.

52. Admits that Section 2001.06(c) of the Manual of Patent Examining Procedure provides in part: "Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office." Denies each and every remaining allegation of Paragraph 52.

53. Admits that Larry Routhenstein, Roy L. Anderson, Paul Hickman, and each person associated with the filing and prosecution of the '715 application, within the meaning of 37 C.R.F. §1.56, owed the duty of candor provided by Section 1.56. Admits that the <u>MasterCard v. PrivaSys</u> litigation was not disclosed to the Patent Office in connection with the '715 Application. Admits that Routhenstein, Anderson and Hickman knew of the existence of the <u>MasterCard v. PrivaSys</u>

litigation. Denies each and every remaining allegation of Paragraph 53.

14. Denies the allegations of Paragraph 14.

15. Whereas in Paragraph 15 of its Counterclaims, American Express realleges Paragraphs 54 through 60 of its Affirmative Defenses, PrivaSys responds below to these paragraphs as follows:

54. Denies the allegations of Paragraph 54.

55. Admits the allegations of Paragraph 55.

56. Admits that the '715 application was submitted to the PTO on September 21, 2001; that a fee and oath or declaration were initially not included; that the application was published on March 27, 2003 as Patent Application No. 2003/0061168 without Claim 27; on November 5, 2003, the PTO examiner indicated the claims 7-22 were allowable if re-written and provided a statement of reasons; subsequently an amendment to the patent application was filed dated March 22, 2004 adding new claims 23-26; admits that initially this amendment was not signed and a fee was not included. Denies each and every remaining allegation of Paragraph 56.

57. Admit that the application was amended with amendment dated October 21, 2005, adding Claims 27-35, that the '715 application was issued as the '154 patent on March 27, 2007, and that March 27, 2007 is more than five years after September 21, 2001. Denies each and every remaining allegation in Paragraph 57.

58. Admits that PrivaSys' complaint alleges that the '154 Patent contains 35 patent claims covering a unique and novel method for generating and validating a dynamic code with transactions transmitted over the existing payment card networks. Denies each and every remaining allegation in Paragraph 58.

59. PrivaSys is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 and on that basis denies each and every allegation in Paragraph 59.

60. Denies the allegations of Paragraph 60.

16. Denies the allegations of Paragraph 16.

17. Denies the allegations of Paragraph 17.

18. Denies the allegations of Paragraph 18

**PRAYER FOR RELIEF**

Wherefore, PrivaSys denies that American Express is entitled to any of the relief prayed for in its Counterclaims, and prays for judgment upon American Express's Counterclaims as follows:

A. That American Express's Counterclaims be dismissed with prejudice and that American Express take nothing thereunder;

B. That judgment be entered in favor of PrivaSys;

C. That PrivaSys be awarded its costs, disbursements, and attorney's fees in connection with this action; and

D. That PrivaSys be awarded such other and further relief as the Court may deem just and proper.

Dated: July 8, 2008                             Respectfully submitted,


                                        */s/ George F. Bishop*_____
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

ROBERT J. YORIO (CA Bar No. 93178)
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA  94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

*Attorneys for Plaintiff-Counterdefendant
PRIVASYS, INC.*

**DEMAND FOR JURY TRIAL**

Plaintiff and counterdefendant, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated: July 8, 2008                           Respectfully submitted,

                                                                                            */s/ George F. Bishop*
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

ROBERT J. YORIO (CA Bar No. 93178)
CARR & FERRELL LLP
2200 Geng Road
Palo Alto, CA 94303
(650) 812-3400 Tel.
(650) 812-3444 Fax

*Attorneys for Plaintiff-Counterdefendant PRIVASYS, INC.*